UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

United States of America,

    Plaintiff,

v.                                                    Case No.: 8:12-cv-00061-T-SDM-AAS

Gabino Peralta-Saucedo,

    Defendant.

_____/

### MOTION REQUESTING REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

Gabino Peralta-Saucedo, proceeding pro se, respectfully requests that this court reduce his sentence pursuant to Amendment 821, under 18 U.S.C. § 3582(c)(2).

In 2019, this court sentenced Saucedo to a term of 292 months imprisonment, on charges related to the distribution and possession, with intent to distribute more than 5 kilograms of cocaine. See 21 U.S.C. §§ 841(a)(1); 841(b)(1)(A)(ii); 841(b)(1)(C), and 846. After having served over six years of this sentence, Saucedo's current projected release date, as calculated by the Bureau of Prisons, is May 1, 2037.

On November 1, 2023, the United States Sentencing Commission (hereinafter "USSC") promulgated Amendment 821, which allows courts to reduce the sentences of certain offenders. Specific here, Part "B" of Amendment 821 "permits a two-level decrease to a defendant's offense level if the defendant satisfies the criteria in [§]4C1.1(a), including the abcense of a criminal history point." United States v. Cardales, 2024 U.S. Dist. LEXIS 195091 *1 (M.D. Fla. 2024).

It has now been nearly two years since the USSC has implemented this Amendment. Nevertheless, the parties in Saucedo's case have not "accord[ed] with the Middle District of Florida's Administrative Order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821." United States v. Marks, 2024 U.S. Dist. LEXIS 191413 *2 (M.F. Fla. 2024)(hereinafter "the Order."). The Order requires that "the United States Proba-

tion Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821." Id. at 2-3. Moreover, no "Federal Public Defender [has been] appointed to represent Defendant." United States v. Harris, 2024 U.S. Dist. LEXIS 120141 *2 (M.D. Fla. 2024).

To the extent this court has authority, Saucedo respectfully requests that it direct the Federal Defenders office to appoint counsel for the preparation of an Amendment 821 brief and case analysis to determine whether Saucedo is eligible. And further, Saucedo understands that even if eligible, whether a district court grants any reduction of sentence is at the discretion of the court, he requests the Feederal Defender[1] to provide this court with an analysis of his 18 U.S.C. § 3553(a) factors, so that this court can have the full spread of facts available prior to properly disposing of the matter.

---

[1] Saucedo understands that the Order directs the USPO to provide a similar analysis. As such, Saucedo believes that a de facto briefing between the FPD and USPO prior to disposition would provide a fair and balanced approach.

Respectfully submitted/* by Gabino Peralta-Saucedo on this _____ day of May, 2025:

_____
Gabino Peralta-Saucedo
Reg. No.: 70978-018
Federal Correctional Complex
Unit A-1 (Low Custody)
P.O. Box 1031
Coleman, FL 33521-1031

## CERTIFICATE OF SERVICE

This motion was handed to the prison mailing authorities on the same day as signed, and placed inside a postage-prepaid, properly addressed envelope. The original motion was delivered via United States First Class Mail to the United States District Court for the Middle District of Florida, Tampa Division, Office of the Clerk at 801 North Florida Avenue, Tampa, Florida, 33602. A copy of this motion was delivered via United States First Class Mail to counsel for the United States at 400 North Tampa Street, Suite 3200, Tampa, Florida, 33602.

_____
Gabino Peralta-Saucedo

## VERIFICATION

Under penalty of perjury pursuant to 28 U.S.C. § 1746, I hereby declare that the factual allegations and factual statements contained in this motion are true and correct to the best of my knowledge.

_____
Gabino Peralta-Saucedo

_____/
*/ Pursuant to Johnson v. Avery, 393 U.S. 483 (1969), I received assistance from a fellow inmate with the preparation and filing of this motion.